145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Cosmo DAMIANO, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections; J.C.
Keeney, Assistant Director; James McFadden;
William McKinley, Dr.; D. Williams, CSO;
David Etie, CSO, Defendants-Appellees.
 No. 97-16936.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998**.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Roslyn O. Silver, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner Joseph Cosmo Damiano appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that the prison officials were deliberately indifferent to his serious medical needs in connection with an incident where he was punctured with a hypodermic needle hidden in his food. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm in part and reverse and remand in part.
 
 
 3
 Damiano raised a material question of fact as to whether prison officials were deliberately indifferent to his serious medical needs by failing to administer a test for Hepatitis C earlier than one and a half years after he was punctured with the needle, and as to whether treatment for the disease was delayed. See Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, the district court erred by granting summary judgment on Damiano's Eighth Amendment medical treatment claim.
 
 
 4
 Because Damiano failed to show that prison officials who ran the kitchen or provided security measures for food service knew of and disregarded an excessive risk to his health or safety, the district court did not err by granting summary judgment on Damiano's remaining Eighth Amendment claims. See id.
 
 
 5
 Because Damiano failed to show that prison officials' failure to respond to his grievance within twenty days infringed a protected liberty interest, the district court did not err by determining that defendants Lewis and Keeney did not violate Damiano's due process rights. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (protected liberty interests arise from restraints that impose atypical and significant hardships).
 
 
 6
 Damiano's contention that the district court abused its discretion by refusing to allow him to amend his complaint to include a claim against Jan Froebe and the Criminal Investigation Unit lacks merit.[1] Amendment would have been futile because Damiano did not have a liberty interest in a complete investigation. See id. Accordingly, the district court did not abuse its discretion by refusing to grant Damiano's request to amend his complaint. See Fed.R.Civ.P. 15(a); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1392-93 (9th Cir.1997).
 
 
 7
 Because the district court informed Damiano of the possible discovery sanctions it might impose on defendants, the district court did not abuse its discretion by requiring Damiano to file his opposition to the summary judgment motion before imposing the sanctions. See FedR.Civ.P. 56(f); Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994) (party is required to show how additional discovery would have precluded summary judgment).
 
 
 8
 Accordingly, because the district court erred by granting summary judgment on Damiano's medical treatment claims, we reverse and remand for further proceedings on those claims. We affirm the district court's summary judgment on the remaining claims.[2]
 
 
 9
 All parties shall bear their own costs on appeal.
 
 
 10
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, we deny Damiano's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees are incorrect that Damiano failed to raise this issue before the district court
 
 
 [2]
 We have considered Damiano's remaining contentions and determine that they are without merit